SARAH A. WITCHER v. JOSEPHINE WILSON.

1. PLEADING — PRACTICE. — Defendants, being sued as executors, pleaded that they were not such executors. Plaintiff replied that they were, and defendants demurred. *Held*, that the demurrer was properly overruled, and that this threw the burden upon the plaintiff of proving the affirmative of the declaration.

2. EXECUTORS — BURDEN OF PROOF — PRACTICE. — He who brings a suit against parties whom he alleges to be executors, must prove, not only the appointment of defendants as such, but also that they have taken upon themselves the trust; and this may be done by proving that they have proved the will, or giving bond and taking the oath; or, in case they are charged as executors *de son tort*, by proving acts of intermeddling with the estate.

3. PLEADING—PRACTICE.— Where the plea, *ne unques executor*, is interposed, the plaintiff should serve defendants with notice to produce their letters testamentary, in order to lay the foundation for the introduction of secondary evidence.

4. WIDOW—LIABILITY FOR TORTIOUS ACT OF HER SECOND HUSBAND INTERMEDDLING WITH ASSETS OF HER FIRST HUSBAND'S ESTATE.—A woman is not liable, after a second marriage, for the tortious acts of her second husband intermeddling with the assets of her first husband's estate, whether such acts be committed before or after the second marriage; but the second husband will be held liable to the extent of the assets so converted.

5. WIDOW'S LIABILITY.—*Semble :* That the widow of a testator might, after a subsequent marriage, be held liable out of her separate estate for assets converted by her during her widowhood; but if so, it could not be extended beyond that.

EXECUTOR DE SON TORT.— If an executor *de son tort*, being sued by a creditor, plead *ne unques executor*, and issue found against him, the judgment should be that plaintiff recover the fees and costs, to be levied of the assets of the testator, if the defendant have so much; but if not, of the defendant's own goods.

ERROR to the circuit court of Lee county.   BOONE, J.

The opinion of the court contains a statement of the case.

*J. A. Brown* and *Robbins & Allen,* for plaintiff in error.

1. Where a plaintiff declares against parties as qualified executors, he cannot, in his replication, abandon this ground of liability and aver that they are administered *de son tort*. 32 Miss. 359. The plaintiff must not depart from, but must sustain and fortify the case made in his declaration.   40 ib. 332, 339.

2. An intermeddler with the assets of a partnership after the death of one of the partners, is liable to account to the survivor, and is not therefore executor *de son tort* of the deceased member of the firm.   32 Miss. 243; Pars. on Cont. 441, note *o*.

3. If a verdict in an action of *assumpsit* exceed the damages laid in the declaration, it is bad. 2 How. (Miss.) 686.   A verdict is bad if it vary from the issue.   1 S. & M. 592.   An executor is not liable beyond the assets which came to his hands.   Gay v. Lemle, 32 Miss. 312; 1 Williams on Ex'rs, 154.

4. Where interest is reserved by the terms of the agreement, it is recoverable as such, only to the time

of default, all after is damages.   9 Pick. 384; see also 22 ib. 294; Hudson v. Fawcett, 49 E. C. L.   Interest when given as damages is a question of fact left entirely to the discretion of the jury.   Gibbs v. Fremont, 9 Exch.; 1 Cal. 145; Pars. on Bills, 396; Mowatt v. Lord Longborough, 82 E. C. L.; 16 ib. 12; 11 Metc. 24; Vin. Abr. Int. ch. 7; 2 Abr. Eq. 5293; McCall v. Turner, 1 Cal.; Walls v. Long, 6 Munf.; Porter v. Newby, 5 Am. Law Times, 166.

5. No authority can be shown for a judgment against Mrs. Witcher's separate estate.   The statute does not authorize a married woman to bind her separate estate as executrix *de son tort*.   41 Miss. 112.

*Clayton & Clayton*, for defendant in error.

PEYTON, C. J.:

It appears from the record in this case, that W. P. Tindall and C. Brandon, on the 7th day of November, 1859, executed their joint and several promissory note for $230, payable to Josephine Wilson, or bearer, payable five months after date.

That the said Josephine Wilson, in the year 1868, brought suit in the circuit court of Lee county, on said note, against the said W. P. Tindall and James F. Witcher and Sarah A. Witcher, as executor and executrix of the last will and testament of C. Brandon, deceased.

To this action the said W. P. Tindall pleaded the general issue, *non-assumpsit*.   And the other defendants, James F. Witcher and Sarah A. Witcher, pleaded that they were not executors of C. Brandon, and the plaintiff replied that they were such executors, and to this replication the said James F. Witcher and Sarah A. Witcher demurred, and the demurrer was overruled by the court.   Whereupon the case was submitted to a jury, who found for the plaintiff, and assessed her damages at the sum of $508.   A motion for a new trial was

made, and overruled by the court, and judgment rendered upon said verdict for the plaintiff, and from this judgment the said James F. and Sarah A. Witcher prosecute this writ of error.

Dick Brandon, a witness for the plaintiff, testified that Richard Brandon and C. Brandon were brothers, and were farming in partnership at the time of the death of C. Brandon; that nine bales of the partnership cotton were concealed in the woods for a time, and that James Witcher had four bales of this cotton taken to Memphis, which he there sold at forty cents a pound, and that those bales would average about five hundred pounds each; that Mr. Witcher married Mrs. Sarah A., the wife of C. Brandon. Said that Mrs. Sarah A. Witcher told witness that she had sold a fine horse that belonged to C. Brandon, deceased, for $175 in Confederate money, which was worth about $150 in good money. Witness thinks that after Mr. Witcher was married to the widow Brandon, he sold a mule for $60.

James F. Witcher testified on behalf of defendants, that three of the bales of cotton which he sold in Memphis were his own, and that the other bale was the partnership cotton of C. Brandon and R. Brandon; that he married the widow of said C. Brandon, who informed him that she sold one bale of cotton during the war to a blockade runner, but that she did not recollect what she got for it.

The demurrer to the replication to the plea of *ne unques executors* was properly overruled, and this threw the burden of proving the affirmative on the plaintiff, who must prove not only the appointment of the defendants, Witcher and wife, to that office, but that they have taken upon themselves the trust; and this may be by their proving the will, or taking the oaths and giving bond, or if they are charged as executors *de son tort*, by proving acts of intermeddling with the estate. The plaintiff should always take the precaution, where this plea

is pleaded, to serve the defendants with notice to pro-
duce the letters testamentary, or letters of administra-
tion, at the trial, they being presumed to be in their
possession, in order to lay a foundation for the introduc-
tion of secondary evidence.

It is apparent from the record, that James F. Witcher
and Sarah A., his wife, were sued as executors *de son
tort*.  The husband would be liable only to the extent of
the property of the deceased, taken and converted by
him.  But his wife would not be liable for the *tortious*
acts of her husband in intermeddling with the assets of
the deceased.

As there is some conflict in the testimony as to the
extent of the property of the deceased, which has been
taken and converted by defendant, James F. Witcher,
which it is the province of the jury to determine, we
would not feel inclined, from this cause alone, to dis-
turb the verdict.  But it is very certain that his wife
cannot be made responsible for his tortious conversion
of property of the deceased, whether before or after her
intermarriage with him.  Even if liable at all out of
her separate estate, for goods of the deceased converted
by her whilst she was sole and unmarried, her liability
could not be extended beyond that, and therefore the
judgment is wrong in requiring it to be levied of her
separate estate.

The judgment is further impeached on the ground
that it is not in the ordinary form against rightful exec-
utors.  The judgment in this case is as follows :  " It
is therefore considered by the court, that the plaintiff
recover of the said defendant the said sum of five hun-
dred and eight dollars, to be levied of the goods and
chattels of C. Brandon, deceased, in the hands of defend-
ants, James F. and Sarah A. Witcher, executors of said
Brandon, to be administered, if to be had, and if not,
then to be levied of the goods and chattels, lands and
tenements, of the said defendants, and of the separate

estate of the said Sarah A. Witcher, together with the costs of this suit, to be taxed."

We see no objection to this judgment on account of its being in the alternative, and it conforms to the law as laid down by Williams in such cases, that if the executor *de son tort*, being sued by a creditor, should plead *ne unques executor*, on which issue should be joined, and this issue, on proof of acts by the defendant, such as constitute in law an executorship *de son tort*, should be found against him, the judgment thereon would be, that the plaintiff do recover the debt and costs, to be levied out of the assets of the testator, if the defendant have so much, but if not, then out of the defendant's own goods. 1 Williams on Executors, 233. We are disposed to adopt this doctrine.

The judgment being an entire thing, and erroneous as to Sarah A. Witcher, must be reversed as to all.

The judgment is reversed and the cause remanded.